UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHISESI BROTHERS MEAT
PACKING COMPANY, INC.                           CIVIL ACTION

V.                                              NO. 17-2747

TRANSCO LOGISTICS CO.,
ET AL.                                          SECTION "F"

## ORDER AND REASONS

Before the Court are two motions to dismiss: (1) Transco Logistics, Inc.'s and Transco Logistics, LLC's (Transco) Rule 12(b)(6) motion to dismiss and (2) Travelers Property Casualty Company of America's Rule 12(b)(6) motion to dismiss. For the following reasons, Trancso's motion is GRANTED IN PART and Travelers' motion is CONTINUED, to allow for supplemental briefing.

**Background**

This case arises out of an interstate shipment of a Metalquimia Movistick 5500 Boneless Injector machine (the injector) from New Jersey to Louisiana.

Chisesi Brothers purchased the injector, which is a complex and specialized piece of equipment that is extremely limited in supply in the United States. On or about February 22, 2016, Transco transported the injector in a truck from its location in New Jersey to the Chisesi plant in Jefferson Parish, Louisiana.

1

Chisesi alleges that the injector was in good condition before Transco loaded it onto the truck for delivery to Chisesi. However, Chisesi contends that when the injector arrived at its plant, the injector was severely damaged and missed several component parts.

Chisesi alleges that the injector was negligently dropped during the loading, unloading, or transportation of the injector, all while in the care, custody, and control of Transco. This negligent handling caused extensive damaged to the injector. Moreover, Chisesi alleges that Transco engaged in even more wrongful conduct when it unloaded the injector at its plant. Chisesi contends that this caused additional component parts to break or become damaged during the unloading process at Chisesi's plant.

Chisesi obtained an estimate to repair the injector from a local construction company, Diversified Construction, in the amount of $125,867. After contacting the broker who arranged for the injector's transportation, the broker informed Chisesi that Transco held liability insurance with Travelers. This insurance policy allegedly covers the type of loss sustained by Chisesi; the broker provided Chisesi with the information to pursue a claim with Travelers. After receiving multiple repair estimates, Travelers allegedly failed to make any offer of settlement to Chisesi within 30 days of receiving the repair estimates.

Chisesi originally filed its petition for damages in the 24th Judicial District Court in Jefferson Parish, Louisiana against Transco, and against Travelers under the Louisiana Direct Action Statute (LDAS). It alleged claims against Transco and Travelers for negligence and breach of contract and brought a claim against Travelers for bad faith in failing to make a written offer to settle with Chisesi within 30 days of proof of loss. The case was removed to this Court. Transco now moves this Court to dismiss the plaintiff's complaint, contending that the Carmack Amendment preempts the plaintiff's claims against it. Travelers also moves the Court to dismiss the plaintiff's claims against, contending that the plaintiff's claims are preempted by the Carmack Amendment and that the plaintiff has not properly established a right of action under Louisiana's Direct Action statute.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim

3

showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal

4

quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original)(citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's

5

complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

II. Transco's Motion to Dismiss

*A. The Carmack Amendment*

The Carmack Amendment to the Interstate Commerce Act defines the parameters of carrier liability for loss and damage to goods transported under interstate contracts of carriage. The intent was to bring uniform treatment to the carrier-shipper relationship. As it relates to the issues before this Court, the Amendment states:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . . Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

49 U.S.C. § 14706(a)(1). In response, the Supreme Court interpreted and defined the Carmack Amendment in the broadest terms in the seminal case:

> Almost every detail of [interstate common carriers] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. . . . [W]hen Congress act[s] in such a way to manifest a purpose to exercise its conceded authority, the regulating power of the state cease[s] to exist.

Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913). Therefore, any claim that arises out of loss or damage to property that was transported in interstate state commerce is governed by the Carmack Amendment; all state and common law claims are preempted. See id.

Following the Supreme Court's instruction, this Circuit instructs that the Carmack Amendment's broad scope preempts all state law claims, whether they contradict or supplement remedies under the Amendment. See Hoskins v. Bekins Van Lines, 343 F.3d 769, 778 (5th Cir. 2003) ("We are persuaded by the preceding decisions and analysis by the Supreme Court, and this Court, that congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.*") (emphasis in original); Rouquette v. N. Am. Van Lines, No. 14-290, 2014 WL 5213850, at *2 (E.D. La. Oct. 14, 2014)

7

(dismissing the plaintiff's state law claims because the plaintiff's exclusive remedy is under the Carmack Amendment).

*B. Chisesi's Claims Against Transco*

Transco moves the Court to dismiss the plaintiff's claims against it. Transco contends that the Carmack Amendment preempts the plaintiff's negligence and breach of contract claims. In response, the plaintiff contends that its complaint pleads a viable Carmack Amendment claim. Specifically, the plaintiff submits that a complaint need not explicitly invoke the Carmack Amendment in order to successfully plead a federal Carmack Amendment claim. It contends that it is sufficient that the plaintiff satisfies the elements required to plead a prima facie Carmack Amendment claim. As such, the plaintiff submits that while it does not specifically invoke the Carmack Amendment language, the facts pled are sufficient to survive this motion to dismiss. The Court agrees.

"In order to state a claim for relief under the Carmack Amendment, Plaintiff must allege (1) that [it] delivered [the] goods to Defendant in good condition, (2) that the goods were either not delivered or were delivered in damaged condition, and (3) the amount of [its] damages." Rouquette, 2014 WL 5213850, at *2. In Rouquette, the court held that despite alleging state court claims in the complaint, the plaintiff still satisfactorily alleged the elements under the Carmack Amendment. See id. at *1-2. Similarly, the plaintiff contends that its complaint should not

8

be dismissed, instead the Court should construe its complaint as alleging a prima facie Carmack Amendment claim and grant leave to amend the complaint.

The Court acknowledges that the plaintiff's state court claims against Transco are undoubtedly preempted by the Carmack Amendment. The Court also construes the plaintiff's complaint to allege a prima facie Carmack Amendment claim. First, the plaintiff contends that Transco received the injector undamaged; next, the plaintiff contends that the injector was damaged when delivered to its plant and that further damages ensued during the unloading process; finally, the plaintiff contends that its damages amount to nearly $100,000. See Rouquette, 2014 WL 5213850, at *2. On this record, the complaint is sufficient to plead a prima facie Carmack Amendment claim against Transco. Accordingly, the Court dismisses the plaintiff's state court claims, but the Carmack Amendment claim remains pending, and plaintiff has leave to amend its complaint.

### III. Travelers' Motion to Dismiss

Travelers moves to dismiss the plaintiff's claims against it under two theories: (1) The petition fails to state a claim upon which relief can be granted because the plaintiff's claims are preempted by the Carmack Amendment; and (2) The plaintiff has not established a right of action against Travelers pursuant to the LDAS.

In response, Chisesi contends that the Carmack Amendment does not preclude its LDAS claims because the LDAS reverse preempts the Carmack Amendment under the McCarran-Ferguson Act. Further, Chisesi submits that it does validly state an LDAS cause of action in its complaint against Travelers. Chisesi finally submits that the Carmack Amendment does not preempt its bad faith claim against Travelers.

At this stage in the proceeding, the Court construes the complaint in favor of the plaintiff and appreciates that Rule 12(b)(6) motions are viewed with disfavor. See Martin, 369 F.3d 464; Lowrey, 117 F.3d at 247. Finding that the plaintiff carries its burden to "raise a right to relief above the speculative level," the Court cannot, without supplemental briefing, determine whether the plaintiff's claims are legally precluded such that dismissal is appropriate.[1] Twombly, 550 U.S. at 555.

IT IS ORDERED: that Travelers and Chisesi shall submit simultaneous supplemental briefing, no later than May 31, 2017, on the following issues:

---

[1] The Court admits that on the face of the complaint, the plaintiff alleges valid LDAS claims against Travelers such that it carries part of its pleading burden. However, Travelers has raised a question of whether the plaintiff's claims against it are legally precluded. The submitted briefs are inadequate for the Court to make a determination of whether the claims are legally precluded. The Court therefore, continues the hearing date of this motion instead of denying or granting the motion. The Court maintains that this question is proper for determination through a motion to dismiss because it is a legal question before the Court.

- Provide the Court with legal support on how the Court should treat Louisiana's unique Direct Action Statute in the context of Carmack Amendment, and whether the understanding that the Amendment applies only to "carriers" is affected by Louisiana's statute.
- Provide the Court with legal support on the applicability of the McCarran-Ferguson Act to the Carmack Amendment and the LDAS.
- In light of the Court's holding that Chisesi has only a federal Carmack Amendment claim against Transco, provide the Court with analysis on what effect, if any, this has on the claims Chisesi could potentially have against Travelers if the LDAS is found not to be preempted.
- Provide the Court with additional briefing on whether the Carmack Amendment preempts Chisesi's bad faith claim against Travelers.

IT IS FURTHER ORDERED: that the hearing date for Travelers' motion to dismiss is hereby continued to June 14, 2017, to be heard on the papers.

IT IS FURTHER ORDERED: that Transco's motion to dismiss is hereby GRANTED IN PART. The plaintiff's state law claims for negligence and breach of contract against Transco are DISMISSED with prejudice, but the Carmack Amendment claim remains pending. The plaintiff has leave to amend its complaint within 14 days from the date of this Order.

New Orleans, Louisiana, May 18, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE