UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHISESI BROTHERS MEAT
PACKING COMPANY                                    CIVIL ACTION

V.                                                 NO. 17-2747

TRANSCO LOGISTICS, INC.,
ET AL.                                             SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is Travelers Property Casualty Company of
America's Rule 12(b)(6) motion to dismiss. For the following
reasons, the motion is GRANTED in part and DENIED in part. The
motion is denied insofar as Chisesi has a valid direct action suit
against Travelers derivative to its underlying Carmack Amendment
claim against Transco. The motion is granted as to Chisesi's bad
faith claim against Travelers.

**Background**

This case arises out of an interstate shipment of a
Metalquimia Movistick 5500 Boneless Injector machine (the
injector) from New Jersey to Louisiana. On May 18, 2017, the Court
issued an Order and Reasons, wherein it extensively discussed the
factual background of the case. For the sake of brevity, the Court
adopts the factual background and assumes familiarity with the
case.

On or about February 22, 2016, Transco Logistics transported
this specialized piece of equipment, the injector, from New Jersey

to the Chisesi plant in Jefferson Parish, Louisiana. Chisesi
alleges that the injector was in good condition before Transco
loaded it onto the truck for delivery. However, Chisesi contends
that when the injector arrived at its plant, the injector was
severely damaged and missed several of its component parts.

As a result of the injector's damage, Chisesi brought this
lawsuit against Transco and its insurer, Travelers. Both
defendants moved to dismiss Chisesi's complaint. The Court granted
Transco's motion, insofar as Chisesi brought claims outside of the
federal Carmack Amendment but denied the motion to allow for a
Carmack Amendment claim. The Court then continued the hearing date
for Travelers' motion and requested additional briefing on the
issues raised before the Court. Specifically, the Court is now
moved to determine whether Chisesi can bring a claim against
Travelers under the Louisiana Direct Action Statute (LDAS) or
whether the federal Carmack Amendment preempts Chisesi's claims
against Travelers under the LDAS. The Court must also determine
whether Chisesi can bring a claim against Travelers for bad faith
in failing to make an offer of settlement.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows
a party to move for dismissal of a complaint for failure to state
a claim upon which relief can be granted. Such a motion is rarely
granted because it is viewed with disfavor. See Lowrey v. Tex. A

& M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser
Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d
1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure,
a pleading must contain a "short and plain statement of the claim
showing that the pleader is entitled to relief." Ashcroft v.
Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8).
"[T]he pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at
678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court
"accepts 'all well-pleaded facts as true, viewing them in the light
most favorable to the plaintiff.'" See Martin K. Eby Constr. Co.
v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting
Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in
deciding whether dismissal is warranted, the Court will not accept
conclusory allegations in the complaint as true. Kaiser, 677 F.2d
at 1050. Indeed, the Court must first identify allegations that
are conclusory and thus not entitled to the assumption of truth.
Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must
be supported by factual allegations." Id. at 678. Assuming the
veracity of the well-pleaded factual allegations, the Court must

then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more

than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do." Twombly, 550 U.S. at
555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider
documents that are essentially "part of the pleadings." That is,
any documents attached to or incorporated in the plaintiff's
complaint that are central to the plaintiff's claim for relief.
Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th
Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d
496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to
consider matters of public record and other matters subject to
judicial notice without converting a motion to dismiss into one
for summary judgment. See United States ex rel. Willard v. Humana
Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

## II. Carmack Amendment

As the Court previously discussed in its Order and Reasons,
dtd. May 18, 2017, Congress enacted the Carmack Amendment to cover
all claims that arise out of loss or damage to property that was
transported in interstate commerce. 49 U.S.C. § 14706(a)(1). The
Carmack Amendment has been interpreted to preempt all other state
and common law claims. The Fifth Circuit has further instructed
that the Carmack Amendment's broad scope preempts all state law
claims, whether it contradicts or supplements remedies under the
Carmack Amendment. See Hoskins v. Bekins Van Lines, 343 F.3d 769,

778 (5th Cir. 2003) ("We are persuaded by the preceding decisions and analysis by the Supreme Court, and this Court, that Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.*") (emphasis in original).

III. Louisiana Direct Action Statute

"The Louisiana Direct Action Statute allows a tort victim to sue both the insured and its insurer, as a solidary obligor, or the insurer alone, when certain conditions set forth in the statute are met." New England Ins. V. Barnett, 465 F. App'x 302, 309 (5th Cir. 2012). The statute provides that an:

> injured person . . ., at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido. . . . This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. . . .

LA. STAT. ANN. § 22:1269 (B)(1), (B)(2). The statute "'does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured.'" New England Ins., 465 F. App'x at 309 (quoting Descant

6

v. Adm'rs of Tulane Educ. Fund, 639 So. 2d 246, 249 (La. 1994)).

Instead, the LDAS "'vests the injured third party with the rights

at the time of the tort to institute an action directly against

the insurer within the terms and limits of the policy.'" New

England Ins., 465 F. App'x at 310 (quoting Haynes v. New Orleans

Archdiocesan Cemetaries, 805 So. 2d 320, 323 (La. App. 4 Cir.

2001)). Therefore, the injured person need not wait for an entry

of judgment against an insured to have a claim against the insurer.

New England Ins., 465 F. App'x at 310.

IV. Chisesi's Direct Action Claim against Travelers

*A. Travelers' Contentions*

Travelers moves to dismiss the plaintiff's claims against it

under two theories: (1) The petition fails to state a claim upon

which relief can be granted because the plaintiff's claims against

it are preempted by the Carmack Amendment; and (2) The plaintiff

has not established a right of action against Travelers pursuant

to Louisiana's Direct Action Statute. The Court first considers

whether the Carmack Amendment preempts the plaintiff's claim

against Travelers brought under the LDAS.

Travelers contends that Congress intended for the Carmack

Amendment to supersede diverse state laws. Because the Carmack

Amendment completely preempts all state law claims, Travelers

urges that a shipper's claims against an insured carrier are

limited to the recovery allowed under the Amendment. The fact that

Louisiana has enacted a direct action statute should not affect this well-established principle of the Amendment's preemption. Travelers submits that the direct action statute neither affects the potential liability of the parties nor imparts substantive causes of action against the insurer where none existed otherwise. Therefore, Travelers contends that its liability, if any at all, is completely derivative of that of its insured, just as would be the case in any other state, regardless of whether the state offers a direct action claim for procedural efficiency. Travelers submits that the Carmack Amendment preempts state law claims against common carries and also does not authorize direct action suits against a common carrier's insurer; accordingly, the LDAS is preempted and any finding to the contrary runs afoul of the complete preemption doctrine recognized by the Supreme Court and Fifth Circuit.

## B. Chisesi's Response

Chisesi responds that the Carmack Amendment applies to *carriers*. Travelers is not a carrier and thus should not be subject to liability or limitations under the Carmack Amendment. It also contends that its claims against Travelers do not increase the liability of the carrier responsible for Chisesi's loss; the claims against Travelers therefore fall outside the scope of the Carmack Amendment. Because the claims are outside the scope of the Amendment, Chisesi submits, its claims cannot be preempted by the Amendment.

Chisesi next submits that the only requirement for a viable LDAS suit is that the injured party have a valid substantive cause of action. It contends that because the Court has already established that Chisesi has a valid Carmack Amendment claim against Transco, the carrier, then that satisfies any prerequisite for it to bring an LDAS claim. It further submits that there is no requirement that the underlying cause of action be a state law cause of action. Ultimately, the Carmack Amendment should not be found to preempt the LDAS because the sole purpose of the LDAS is to provide a procedural mechanism to facilitate an injured party's recovery, not to enlarge or diminish the liability of the carrier.

In the event the Court finds that the LDAS is preempted by the Carmack Amendment, Chisesi urges the Court to consider the McCarran-Ferguson Act and its application to the LDAS with respect to the Carmack Amendment. The Court need not reach that issue.

## C. Court's Analysis

The Court first acknowledges that the issue of whether the Carmack Amendment preempts the LDAS is a *res nova* issue for this Circuit. Because of that and because Louisiana is one of only two states to implement direct action suits, the Court turns to non-binding precedent for relevant guidance.

In support of its position that the Carmack Amendment preempts Chisesi's LDAS claim against it, Travelers provides the Court with case law from Wisconsin (another direct-action suit state). In

*Land O'Lakes v. Joslin Trucking, Inc.*, the Western District of Wisconsin held that the Carmack Amendment preempted the plaintiff's direct action claim against the carrier's insurer. No. 8-355, 2008 WL 5205910, at *2-3 (W.D. Wis. Dec. 11, 2008). The court reached its outcome because a "[p]laintiff cannot assert a direct action suit under Wisconsin law against an insurer unless it is suing on a state law negligence claim." *Id.* at *2. Because the plaintiff asserted a federal statutory claim under the Carmack Amendment, the plaintiff had no grounds to maintain a direct action suit against the carrier's insurer. *Id.*

Here, the Court agrees that the plaintiff similarly has a Carmack Amendment claim against the carrier and a direct action suit against the carrier's insurer. However, the basis for the Wisconsin court's decision is inapplicable; namely, the LDAS does not require that the underlying claim be a state law negligence claim for a plaintiff to bring a direct action suit. *See id.*; LA. REV. STAT. ANN. 22:1269 (B)(1), (B)(2). Therefore, the only legal guidance provided to the Court is inapposite. Because the LDAS does not have the requirement that it is only applicable to a state negligence claim, this Court is not at liberty to impose a narrow construction on a longstanding state principle. To hold that the LDAS is inapplicable and preempted would run afoul to the efficient procedural safeguards Louisiana intends for its residents. Accordingly, the Carmack Amendment does not preempt the

plaintiff's direct action suit against Travelers. The Court must now consider whether the plaintiff also satisfies the pleading requirements such that it actually states a claim under the LDAS for which relief can be granted.

"Under Louisiana law, a right of direct action may be brought against an insurer in only three limited circumstances: (1) if the accident *occurred* in Louisiana; (2) if the policy was *written* in Louisiana; or (3) if the policy was *delivered* in Louisiana." Landry v. Travelers Indem. Co., 890 F.2d 770, 772 (5th Cir. 1989) (emphasis in original).

Travelers first contends that the plaintiff fails to allege that the injury occurred in Louisiana. Travelers submits that a plain reading of the statute establishes that the words "or injury" are meant to be the injury arising out of the "accident" that "occurred within the State of Louisiana." Harper v. Falrig Offshore, Inc., 776 So. 2d 620, 633-34 (La. Ct. App. 2000) (rejecting plaintiff's argument that injury occurred when plaintiff returned to his home in Louisiana). Travelers contends that the plaintiff has not satisfied Twombly pleading requirements because it has not pled the location of the alleged accident or injury that resulted in damage to the injector. Travelers submits that the facts indicate the accident or injury happened before the injector arrived in Chicago, Illinois, while on its journey to

Louisiana. Therefore, Travelers asserts that no amendment to the pleadings can cure this defect.

The plaintiff responds that a portion of the damage to the injector occurred in an unknown location somewhere along the route between New Jersey and Louisiana. But, the plaintiff asserts that *additional* damages ensued during the unloading of the injector at Chisesi's Louisiana plant. Chisesi submits that there is no case law, however, discussing whether a right of action exists under the LDAS in cases where there are multiples situses of injury. It urges the Court to turn to this court's previous interpretations of similarly-worded Carmack Amendment venue provisions. This Court interpreted a Carmack Amendment venue provision and instructed that venue was proper in the judicial district in which the loss was alleged to have occurred. New Orleans Lakal Envelope Co. v. Chicago Express, Inc., No. , 1999 WL 1277527, at *1 (E.D. La. Dec. 21, 1999). The Court held that venue was proper in the Eastern District of Louisiana because "at least some of the injury or damage is alleged to have occurred" in that district. Id. at *2. Similarly, the plaintiff alleges that at least some of the injury occurred in Louisiana in its complaint.

For example, in the complaint, Chisesi alleges, "[Transco] engaged in further wrongful conduct when unloading the Injector at the [Chisesi] plant. The negligent actions of [Transco] caused additional component parts to break or become damaged during the

12

unloading of the Injector." It further alleges that "[u]pon information and belief, the Injector was negligently dropped during the loading, *unloading*, *or* transportation of the Injector . . . causing extensive damage to the Injector and resulting in the destruction or loss of several of its component parts." Applying the same reasoning as this Court's interpretation of a venue provision of the Carmack Amendment, which importantly serves as the basis of this LDAS claim, the plaintiff urges that its allegation that some injury occurred in Louisiana is sufficient to invoke the LDAS injury requirement. The Court agrees.

At this stage in litigation, the Court finds it premature to dismiss the plaintiff's allegations against Travelers when it has alleged that some, if not all, of the damages occurred in Louisiana. Discovery will be necessary to determine the precise location or locations of damage; the Court will not preclude the plaintiff from reaching that determination at this early stage in the litigation.

The plaintiff does not address the additional two methods to properly invoke the LDAS because it relies on the location of the injury having occurred in Louisiana. However, Travelers does address whether the insurance policy was issued or delivered in Louisiana; the Court will briefly summarize the arguments.

Travelers contends that the policy was neither issued nor delivered in Louisiana. Because the plaintiff bears the burden of

proving that the policy was issued or delivered in Louisiana and the plaintiff has failed to do so, Travelers submits that dismissal of the plaintiff's claims against it is appropriate. Travelers also submits that undisputed facts demonstrate that the policy was neither issued nor delivered in Louisiana. Transco is an Illinois company with its principal place of business there.[1] Because the Court finds that the plaintiff, at a minimum, alleges sufficient facts that the injury occurred in Louisiana, the Court need not address whether the policy was or was not issued or delivered in Louisiana.

Finally, Travelers maintains that any other alleged contacts with the state of Louisiana are irrelevant for the Direct Action Statute. Thus, it contends that the plaintiff's Louisiana citizenship is irrelevant under the Direct Action Statute. While true, the Court finds this has no bearing on the ultimate issue before the Court – whether the plaintiff appropriately filed a claim against Travelers under Louisiana's Direct Action Statute.[2]

---

[1] Travelers' arguments on this issue are more suitable for a motion for summary judgment. The Court includes it for the sake of completeness, but notes that only the allegations in the complaint and pleadings are relevant for considering its motion to dismiss.
[2] The Court recited the three means under which a plaintiff may file a claim against a party under Louisiana's Direct Action Statute. "Other alleged contacts with Louisiana" is not an option to invoke the Direct Action Statute and the plaintiff does not contend that its Louisiana citizenship is the basis upon which it attempts to invoke the Direct Action Statute.

Because the Court finds that the plaintiff has sufficiently pled its direct action suit against Travelers to survive this motion, the Court emphasizes that the LDAS claim is solely derivative to Chisesi's claim against Transco. Because the Court has held that only the Carmack Amendment claim is legally viable against Transco, it follows that any action against Travelers under the LDAS is derivative of that sole Carmack Amendment claim.

## V. Chisesi's Bad Faith Claim

The Court must next consider whether the Carmack Amendment preempts Chisesi's bad faith claim against Travelers.

Chisesi contends that its bad faith claim arose out of Travelers' breach of its duty to Chisesi, not out of the antecedent damage to Chisesi's property. Because the bad faith claim did not come into existence until Travelers failed to make an offer of settlement within 30 days of receiving a satisfactory proof of loss from Chisesi, it should not be subject to Carmack Amendment preemption because it did not arise directly from the damaged property claim.

Again, this Court has not addressed the specific question of whether the Carmack Amendment preempts a claim for bad faith. However, a Wisconsin district court, which has a similar procedure for insurance claims, has considered this issue. In Marshall W. Nelson & Associates, Inc. v. YRC Inc., the court relied on the Seventh Circuit's instruction that "claims 'relating to the making

15

of the contract for carriage are so closely related to the performance of the contract, and the measure of damages for such claims so likely to be the loss or damage to the goods, that they are . . . preempted by the Carmack Amendment.'" No. 11-401, 2011 WL 3418302, at *3 (E.D. Wis. Aug. 3, 2011) (citing <u>Gordon v. United Van Lines, Inc.</u>, 130 F.3d 282, 289 (7th Cir. 1997)). With regard to the bad faith claim against the insurance company, the court reasoned it was:

> persuaded that the Carmack Amendment preempts [the plaintiff's] claim for bad faith denial of insurance claim. After all, the plaintiff would not even be in a position to complain about a bad faith denial of an insurance claim if it had not sustained damage to goods that were shipped by the defendant. To quote from <u>Gordon</u>, 'the claims process is directly related to the loss or damage to the goods that were shipped. Indeed, people would not be involved in the process unless either loss or damage had occurred.'

<u>Marshall</u>, 2011 WL 3418303, at *4 (citing <u>Gordon</u>, 130 F.3d at 290); <u>see also</u> <u>Hanlon v. United Parcel Sev.</u>, 132 F. Supp. 2d 503, 504-06 (N.D. Tex. 2001) (holding that the Carmack Amendment preempted plaintiff's claims against carrier for bad faith, deceit for fraudulent insurance fee collection, unauthorized operation as an insurance company, and violations of the Texas Insurance Code).

Following other Circuit precedent and this Circuit's precedent, the Court necessarily must find that Chisesi's claim for bad faith against Travelers is preempted. On the Carmack Amendment preemption topic, the Fifth Circuit instructs that "the

Carmack Amendment preempts any common law remedy that increases .
. . liability beyond 'the actual loss or injury to the property,'
unless the shipper alleges injuries separate and apart from those
resulting *directly from the loss* of shipped property." <u>Morris v.
Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 382 (5th Cir. 1998)
(citing 49 U.S.C. § 11707(a)(1)). Accordingly, because Chisesi
would not have a claim for bad faith against Travelers were it not
for the damaged shipped property, the bad faith claim is beyond
the actual loss or injury to the property and thus preempted by
the Carmack Amendment.

VI.

IT IS ORDERED that Travelers' motion to dismiss is GRANTED IN
PART and DENIED IN PART. The motion is GRANTED insofar as Chisesi's
claim against Travelers for bad faith is preempted by the Carmack
Amendment and is DISMISSED with prejudice. The motion is DENIED
insofar as the Court finds that Chisesi's direction action suit is
sufficiently pled and is not preempted by the Carmack Amendment.
Chisesi's direct action suit is limited to the claims available to
it against Transco, namely, the Carmack Amendment claim.

New Orleans, Louisiana, June 14, 2017

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE